UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUILHERME CASALICCHIO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:18-cv-00160 |
| BOKF, NA d/b/a BANK OF TEXAS; and | § | |
| FEDERAL HOME LOAN MORTGAGE | § | |
| CORPORATION a/k/a FREDDIE MAC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT BOKF, NA'S COMBINED MOTION FOR ATTORNEY FEES
AND BRIEF IN SUPPORT**.

Defendant BOKF, NA, ("BOKF"), in compliance with the Court's Order of April 9, 2021 [Doc. No. 48], hereby files its Motion for Attorney Fees. BOKF is clearly the prevailing party, having had this Court's summary judgment order [Doc. No. 33, 2019 WL 11526897 (S.D. Tex., Jan. 9, 2019)] affirmed by the Fifth Circuit. [Doc. No. 45, 951 F.3d 672 (5th Cir. 2020)]. Further, BOKF's requested fees are reasonable and modest, considering the lengthy civil and appellate process. The Court should therefore award BOKF the sum of $212,519.25 in attorney fees against Casalicchio.[1]

**PROCEDURAL BACKGROUND**

In its summary judgment order, the Court had denied BOKF's request for attorney fees without explanation. [Doc. No. 33, p. 4]. On appeal, the Fifth Circuit noted that "an earlier panel of this court chose to award attorney fees in a case featuring an identical deed-of-trust-provision

---

[1]See, Exh. 2, p. 20 [$147,694] and Exh. 3, p. 9 [$64,825.25]. BOKF is not seeking reimbursement for fees paid to its local counsel in this case. Those fees amounted to approximately $20,600.

[citing In re Velazquez, 660 F.3d 893, 900 (5ᵗʰ Cir. 2011]."  Doc. No. 47, p. 2, 797 Fed. Appx. 165 (5ᵗʰ Cir. 2020).  The Fifth Circuit then remanded to this Court for further proceedings.

**ARGUMENT**

1.  <u>Under Texas Law, BOKF is entitled to its reasonable attorney fees</u>.[2]

Controlling precedent from the Fifth Circuit[3] establishes that BOKF is entitled to attorney fees when it prevailed on the merits against the plaintiff.

The issue presented here, the interpretation of a uniform Fannie Mae/Freddie Mac instrument, is not a novel one.  Literally dozens of Texas decisions have interpreted the identical provisions contained in the Deed of Trust and have come to one conclusion: the lender is entitled to recover its fees in successfully defeating its borrowers' suit seeking to invalidate the foreclosure sale in question.  The Court should therefore find that BOKF is entitled to an award of its attorney fees incurred in successfully defending this suit.

As noted above, the Fifth Circuit, in <u>In re Velazquez</u>, 660 F.3d 893 (5ᵗʰ Cir. 2011), decided this very same issue.  In <u>Velazquez</u>, after the borrowers had defaulted on the obligations under the note, they filed for bankruptcy protection.  The lender, Countrywide, then filed a proof of claim in the estate, including a request for attorney fees.  Both the bankruptcy court and the district court

---

[2]In this diversity case, Texas law governs both the award of fees and the reasonableness of fees incurred. <u>Mathis v. Exxon Corp.</u>, 302 F.3d 448, 461 (5ᵗʰ Cir. 2002).

[3]<u>Velazquez v. Countrywide Home Loans Servicing, L.P.</u>, 660 F.3d 893, 899-90 (5ᵗʰ Cir. 2011); <u>Richardson v. Wells Fargo Bank, NA</u>, 740 F.3d 1035, 1039 (5ᵗʰ Cir. 2014). <u>See also</u>, <u>King v. Wells Fargo Bank, N.A.</u>, 533 Fed. Appx. 431, 432 (5ᵗʰ Cir. 2013) (<u>aff'g</u> award of fees under identical language granted at 2012 Westlaw 3283473, *1 (N.D. Tex., July 10, 2012), <u>adopted</u>, 2012 Westlaw 3289961 (N.D. Tex., Aug. 13, 2012); <u>Graham v. U.S. Bank, NA</u>, 2018 Westlaw 4169317, *4 (W.D. Tex., July 16, 2018), <u>adopted</u>, 2018 Westlaw 4178329, *1 (W.D. Tex., Aug. 8, 2017), <u>aff'd per curiam</u>, 756 Fed. Appx. 450 (5ᵗʰ Cir. 2019).  <u>See also</u>, <u>Tatum v. Wells Fargo Home Mortgage, Inc.</u>, 2014 WL 7474074, *7-8 (Tex. App.-Houston [1ˢᵗ Dist.], Dec. 30, 2014, no pet.).

denied the fee application.  On appeal, this Court reversed, finding the deed of trust executed

between the parties securing the note to provide for attorney's fees in favor of Countrywide.  Id.,

660 F.3d at 895.

The Court, in reversing, relied on ¶¶9 and 14 of the deed of trust, provisions identical to

the ones in this case.[4]  The Court emphasized the language in ¶9 that authorized the lender to do

whatever was reasonable or appropriate to protect its interest in the property and its rights in the

deed of trust and specifying that these actions can include "paying reasonable attorney's fees to

protect its interest in the Property. . . ."  Id., 660 F.3d at 895-96.  After finding that the qualifying

language permits attorney fees where either expended to protect its interest in the property **or** rights

under the security instrument [the Deed of Trust], the Court found that the bankruptcy proceeding

qualified as a proceeding in which Countrywide could recover its fees.

---

[4]The Casalicchio Deed of Trust provided:

 9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument**. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding.

14. **Loan Charges**. Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law. Doc. No. 24, Exh. 2, pp. 7, 10.

> Further, we find that all the requirements for the recovery of attorney's fees set out by Section 9 have been satisfied. It is not disputed that the Velazquezes were in default on their obligations under the Note and Deed of Trust. Further, as the bankruptcy court noted, the Velazquezes' Chapter 13 case was a proceeding that could significantly affect Countrywide's rights under the Deed of Trust, meaning that the triggering event under Section 9 had occurred.

Id., 660 F.3d at 899.   The Court remanded the case to the bankruptcy court to enter an order allowing attorney fees to Countrywide.

Velazquez is directly on point.   Like in that case, BOKF has incurred fees in a legal proceeding brought by its debtor to invalidate the eviction and foreclosure sale. See, supra, Statement of the Case, ¶6.

The law is clear: BOKF is entitled, under the Deed of Trust, to recover the fees it has incurred in successfully defending itself against Casalicchio's attempt to void the foreclosure.

2.  BOKF is entitled to an award of $212,519.25 in attorney fees incurred in both this Court and in the Fifth Circuit.

As this Court explained in Whitney Bank v. Welch, 2013 WL 12108738, *7 (S.D. Tex., Oct. 2, 2013):

> There are several factors a trial court should consider in determining the amount of reasonable attorney fees to award under § 38.001. Jarvis v. Rocanville Corp., 298 S.W.3d 305, 318 (Tex. App.—Dallas 2009, reh'g overruled). "These factors include: the time, labor, and skill required to properly perform the legal service; the novelty and difficulty of the questions involved; the customary fees charged in the local legal community for similar legal services; the amount involved and the results obtained; the nature and length of the professional relationship with the client; and the experience, reputation and ability of the lawyer performing the services." Id. Testimony from a party's attorney is taken as true as a matter of law and is alone sufficient to support an award of attorney fees if the testimony is clear, positive, direct, and free from contradiction. In re A.B.P., 291 S.W.3d 91, 98–100 (Tex. App.—Dallas 2009, no pet.).

See also, In re National Lloyds Ins. Co., 532 S.W.3d 794, 809-10 (Tex. 2017).

Attached to Mr. Dorwart's affidavit are the firm resumes of the attorneys who billed time on the case. Mr. Dorwart's affidavit reaffirms that the rates charged were paid by BOKF, a longstanding client of the firm and were reasonable and necessarily incurred in defending BOKF in both this court and in the Fifth Circuit. Exh. 1, ¶¶4, 7.

BOKF has submitted its detailed reports on the fees it has incurred in this litigation... Exhs 2 and 3. BOKF's fee request is based on the following factors and methodology.

<u>Reasonable Time Spent</u>. Exhibit 2 is a recapitulation of BOKF's contemporaneous time and expense records for proceedings in this Court.   Exhibit 3 details the time incurred in proceedings in the Fifth Circuit.

<u>Pre-Billing and Post-Billings Adjustments</u>.   The reasonableness of BOKF's attorney fees is reinforced by two categories of billing adjustments (deductions), applied by BOKF's counsel to BOKF's invoices beginning when the lawsuit was filed.   Collectively, these adjustments reflect counsel's good faith billing judgment to ensure recovery of a reasonable fee.   These adjustments, which are set forth in Exhibits 2 and 3, remove any doubt as the reasonableness of the entire fee amount sought by BOKF.   In total, these adjustments reduce the attorney fees BOKF seeks by the following amounts:

| | | |
|---|---|---|
| (i) | Pre-billing adjustments: | <$74,793.50>[5] |
| (ii) | Post-billing adjustments: | <$29,287.50>[6] |
| **(iii)** | **<u>Total adjustments</u>**: | **<$104,081>** |

---

[5]Exh. 2, p. 21 ($49,644, no charge and courtesy discount); Exh. 3, p. 10 ($25,149.50, no charge and courtesy discount).

[6]Exh. 2, p. 21, ($24,466.25); Exh. 3, p. 10 ($4,821.25).

The pre-billing adjustments are for time BOKF's counsel expended but wrote off before counsel's bills were sent to BOKF for payment.  These include courtesy discounts, charge-offs, credits, and the exercise of billing judgment.  *See,* Exh. 3, Dorwart Affidavit, ¶6.

The post-billing adjustments reflect amounts counsel deducted from the invoices for the fee application in the exercise of further billing judgment, after having been billed to and paid by BOKF.  Id.   The fees and costs for which application is made are reasonable and necessary. Plaintiff was unusually aggressive in prosecuting the merits of the case, long after the ultimate outcome was, or should have been, known.[7]

## CONCLUSION AND RELIEF REQUESTED

BOKF's Motion should be granted in its entirety. BOKF's counsel has exercised the appropriate billing discretion.  Thus, the court should enter its order awarding BOKF $212,519.25 in fees.

---

[7]See, e.g., Doc. No. 14, p. 3 (noting that Plaintiff objects to motion to amend filed by BOKF); Doc. No. 21 (response objecting to BOKF's request for additional pages for summary judgment); Doc. No. 34 (Plaintiff files Motion to Alter Judgment); 5th Cir. Doc. 19-20246, Petition for Rehearing En Banc, Petition for Panel Rehearing; 5th Cir. Doc. 19-20277, Motion to Stay Mandate.

RESPECTFULLY SUBMITTED,

/s/ Piper Willhite Turner
Piper Willhite Turner
SDTX: 3163397 Texas Bar No. 24010456
Frederic Dorwart Lawyers PLLC
124 East Fourth Street
Tulsa, OK 74103
918-583-9922
Email: pturner@fdlaw.com

William Patterson Huttenbach
SDTX: 21742 Texas Bar No. 24002330
Crain, Caton & James
1401 McKinney, Suite 1700
Houston, TX 77010
713.752.8616
Fax: 713.658.1921
Email: phuttenbach@craincaton.com

Attorneys for Defendant BOKF, NA.

## CERTIFICATE OF MAILING

I hereby certify that on this 11th day of May, 2021, I electronically transmitted the foregoing document to the Clerk of the Court using the email address for filing and placed the same above and foregoing document in the U.S. mail, with proper postage pre-paid, addressed to the following:

| Counsel | Party Represented | Method of Service | Date of Service |
|---------|-------------------|-------------------|-----------------|
| Ira D. Joffe<br>*Attorney for Plaintiff, Guilherme Casalicchio*<br>*Law Office of Ira D. Joffe*<br>6750 West Loop South #920<br>Bellaire, Texas 77401<br>(713) 661-9898 Telephone<br>(888) 335-1060<br>Ira.joffe@gmail.com | Guilherme Casalicchio | Mail and Email | |
| Federal Home Loan Mortgage Corporation<br>8200 Jones Branch Drive<br>McLean, VA 22102<br>703.903.2125 | Freddie Mac | Mail and Email | |

J. Michael Medina

7