UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GUILHERME CASALICCHIO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:18-cv-00160** |
| **BOKF, NA d/b/a BANK OF TEXAS; and** | § | |
| **FEDERAL HOME LOAN MORTGAGE** | § | |
| **CORPORATION a/k/a FREDDIE MAC,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT BOKF, NA'S RESPONSES TO PLAINTIFF GUILHERME
CASALICCHIO'S FIRST SET OF REQUESTS FOR PRODUCTION**

In accordance with Fed. R. Civ. P. 34, Defendant BOKF, NA ("Defendant" or "BOKF")
hereby responds to Plaintiff Guilherme Casalicchio's First Set of Requests for Production (the
"Requests"). In responding, Defendant has accorded all words of the English language their usual
and ordinary meaning, notwithstanding any other definition ascribed by the Defendant. Each of
the following responses is made without waiving any objections BOKF may have with respect to
the form or wording of the discovery requests or to the subsequent use of these responses or the
documents referred to herein, and BOKF specifically reserves (i) all questions as to the
competency, privilege, relevance, materiality, and admissibility of said responses or documents;
(ii) the right to object to the use of said responses or documents in any subsequent suit or
proceeding in this action, on any or all of the foregoing grounds or on any other proper grounds;
(iii) the right to object on any and all proper grounds, at any time, to other discovery procedures
involving or related to said responses or documents; (iv) the right, at any time, to revise, correct,
supplement or clarify any of them; and (v) BOKF objects to producing any information requested

PLAINTIFF'S
EXHIBIT 8

that is covered by the (a) attorney/client privilege, (b) work product immunity; or (c) any other applicable privilege or exemption.

## RESPONSES TO REQUESTS FOR PRODUCTION

**Request No. 1:** The "servicing agreement with the Mortgagee" referred to in the Labor Day Default Letter. Your October 10, 2017, response to the Plaintiff's September 11, 2017, Request For Information letter confirmed that it exists but claimed it was privileged. It is not privileged as it was the basis for the foreclosure process and only a validly appointed Substitute Trustee has the legal authority to conduct a foreclosure in Texas. You may for now redact any potentially confidential or trade secret information but not the identities of the parties and the boiler plate terms.

**Response:** BOKF objects to Request No. 1 as it seeks information neither relevant to any party's claims or defenses, nor proportional to the needs of the case. BOKF further objects to production of its agreement on the grounds that the agreement is confidential and proprietary. Paragraph 24 of the DOT gives lender the right to appoint a substitute trustee. The DOT was previously produced (BOKF-000005-BOKF-00023). Further, Section 51.0075(c) of the Texas Property Code allows a mortgage servicer to appoint a substitute trustee to conduct foreclosure.

**Request No. 2:** A copy of the procedures your employees must follow to foreclose on a property located in Texas.

**Response:** Defendant objects to this request because it seeks confidential internal polices and/or procedures, which necessarily are highly confidential business/security sensitive and proprietary, contain trade secrets, and the disclosure of which could pose a significant threat to Defendant's security and/or operations. Defendant further objects to the Request as overly broad, irrelevant, and as not reasonably calculated to lead to the discovery of admissible evidence. As

2

recognized in relevant case law, internal policies and procedures are for the Bank's own use and protection, and do not constitute or vary applicable law.

**Request No. 3:** A copy of the procedures your employees must follow to collect on a delinquent home mortgage in Texas.

**Response:** BOKF objects to this request because it seeks confidential internal polices and/or procedures, which necessarily are highly confidential business/security sensitive and proprietary, contain trade secrets, and the disclosure of which could pose a significant threat to Defendant's security and/or operations. Defendant further objects to the Request as overly broad, irrelevant, and as not reasonably calculated to lead to the discovery of admissible evidence. As recognized in relevant case law, internal policies and procedures are for the Bank's own use and protection, and do not constitute or vary applicable law.

**Request No. 4:** The document that shows that the Labor Day Default Letter was actually generated and printed on September 5, 2016.

**Response:** The document responsive to Request No. 4 is produced at bates no. BOKF 000155.

**Request No. 5:** The document that shows that the Labor Day Default Letter was actually placed in the custody of USPS in Tulsa, Oklahoma, on September 5, 2016.

**Response:** There are no documents responsive to Request No. 5.

**Request No. 6:** The document that explains why the Labor Day Default Letter was not first received by the USPS until September 12, 2016, as shown in Plaintiff's Exhibit 2.

**Response:** There are no documents responsive to Request No. 6.

3

**Request No. 7:** The documents that show the actual hours that the person or persons who generated and printed the Labor Day Default Letter were working at the Bank for the week of September 5, 2016, through September 8, 2016.

**Response:** There are no documents responsive to Request No. 7. The right to cure notice was auto-generated by a computer software program.

**Request No. 8:** The document that shows the actual hours that the person who placed the Labor Day Default Letter in the custody of USPS was working at the Bank for the week of September 5, 2016, through September 8, 2016.

**Response:** BOKF objects to this request as it seeks information neither relevant to any party's claims or defenses, nor proportional to the needs of the case. Subject to and without waiving this objection, BOKF hereby produces records reflecting the work hours of Mr. Carl Forbes (the person most likely to have placed the right to cure notice in the custody of the USPS) for the week of September 5, 2016 through September 8, 2016.  BOKF000158.

**Request No. 9:** The document that would allow both the Bank and Freddie Mac to sue Mr. Casalicchio for a deficiency judgment after the July 4, 2017, foreclosure sale.

**Response:** BOKF objects to Request for Production No. 9 as it seeks information protected by the work product privilege and it calls for a legal conclusion. Subject to and without waiving the objection, BOKF states that documents responsive to Request No. 9 were previously produced at bates no. BOKF000001-BOKF000023; BOKF000045 – BOKF000047.

**Request No. 10:** The document that allows you or anyone else to issue a valid default notice as a basis for acceleration of the Note that did not comply with the terms in Paragraph 22 of that Deed of Trust, as shown on Page BOKF - 000017 that you provided in your Initial Disclosure.

**Response:** BOKF objects to Request for Production No. 10 as it does not describe the document requested with reasonable particularity and BOKF is unable to discern what is being requested. Further, BOKF objects to Request for Production No. 10 as it seeks information protected by the work product privilege, misstates the record, and it calls for a legal conclusion.

**Request No. 11:**  A complete set of all information that you generated related to issuing and servicing the loan, including, but not limited to:

 **Request No. 11(a):**  A payment history of all amounts received and disbursed related to the loan, with a key to all abbreviations;

**Response:** Documents responsive to Request No. 11(a) were previously provided at bates no. BOKF 000024-000044.  To the extent Plaintiff seeks a key to abbreviations associated with payment histories, BOKF states that it is not in possession of a key to abbreviations.

**Request No. 11(b) - 12(sic):**  Collection notes, with a key to all abbreviations;

**Response:** Documents responsive to Request No. 12 were previously provided at bates no. BOKF 000024-000044.   Additional responsive documents are provided at bates no. BOKF 000156.

**Request No. 11(c) - 13(sic):**  Any other notes, written correspondence, and emails related to the loan;

**Response:** BOKF objects to Request for Production No. 13 to the extent Plaintiff is asking for documents protected by the work product and/or the attorney-client privilege. Subject to and without waiving the objection, all responsive, non-privileged documents were previously produced with BOKF's Initial Disclosures.

**Request No. 11(d) – 14(sic):** All correspondence to and from Freddie Mac in any way related to the loan from its inception through December 22, 2017, the day the Plaintiff's Original Petition was filed in state court.

**Response:** BOKF objects to this request because it seeks confidential internal polices and/or procedures, which necessarily are highly confidential business/security sensitive and proprietary, contain trade secrets, and the disclosure of which could pose a significant threat to Defendant's security and/or operations. Defendant further objects to the Request as overly broad, irrelevant, and as not reasonably calculated to lead to the discovery of admissible evidence. As recognized in relevant case law, internal policies and procedures are for the Bank's own use and protection, and do not constitute or vary applicable law.

**Request No. 11(e) – 15(sic):** To the extent not already provided, each document related to the sale of the loan and the eviction process that you have sent to Freddie Mac since September 5, 2016.

**Response:** BOKF objects to Request for Production No. 15 as it seeks documents that are confidential and proprietary. Further, BOKF objects to the request to the extent that it implies that BOKF sold Plaintiff's loan. Subject to and without waiving its objections, BOKF states that all non-privileged documents that are responsive to Request No. 15 were previously produced.

**Request No. 12 – 16(sic):** The document that shows that the lawsuit was frivolous.

**Response:** BOKF objects to Request for Production No. 16 as it calls for a legal conclusion and seeks documents protected by the work product and/or attorney-client privilege. Subject to and without waiving the objection, see previously produced documents bates number BOKF 000001-000154 and any documents produced herewith, and any exhibits included in BOKF's Motion for Summary Judgment.

**Request No. 13 – 17(sic):**  The documents that show that any of Mr. Casalicchio's claims in the lawsuit were completely without merit.

**Response:** BOKF objects to Request No. 17 as it calls for a legal conclusion and seeks documents protected by the work product and/or attorney-client privilege. Subject to and without waiving the objection, see previously produced documents bates number BOKF 000001-000154 and any documents produced herewith, and any exhibits included in BOKF's Motion for Summary Judgment.

**Request No. 14 – 18(sic):**  The documents that show that any of Mr. Casalicchio's claims in the lawsuit were unreasonable and vexatious.

**Response:** BOKF objects to Request for Production No. 18 as it calls for a legal conclusion and seeks documents protected by the work product and/or attorney-client privilege. Subject to and without waiving the objection, see previously produced documents bates number BOKF 000001-000154 and any documents produced herewith, and any exhibits included in BOKF's Motion for Summary Judgment.

**Request No. 15 – 19(sic):**  The documents that support any the denial of any of the Plaintiff's Requests for Admission.

**Response:** BOKF objects to Request for Production No. 19 as it calls for a legal conclusion and seeks documents protected by the work product and/or attorney-client privilege.  Further, Plaintiff has exceeded the number of allowed Request for Productions by trying to incorporate each Request for Admission by reference. Subject to and without waiving the objection, see previously produced documents bates number BOKF 000001-000154, any documents produced herewith, and any exhibits included in BOKF's Motion for Summary Judgment.  Additional

documents supporting denial include, but are not limited to, legal authorities which are not required to be produced.

Respectfully submitted,

Piper W. Turner
SDTX: 3163397
Texas Bar No. 24010456
John D. Clayman
SDTX: 100614
Texas Bar No. 24066338
FREDERIC DORWART, LAWYERS PLLC
Old City Hall
124 East Fourth Street
Tulsa, Oklahoma 74103-5010
(918) 583-9922 - Office
(918) 583-8251 - Facsimile
pturner@fdlaw.com
jclayman@fdlaw.com

Attorney in charge for Defendant,
BOKF, NA d/b/a Bank of Texas

Of Counsel:

William "Pat" Huttenbach
SDTX: 21742
Texas Bar No. 24002330
Hirsch & Westheimer, P.C.
1415 Louisiana, 36th Floor
Houston, TX 77002
(713) 220-9184
(713) 223-9319 (fax)
phuttenbach@hirschwest.com

Attorneys for Defendant, BOKF, NA
d/b/a Bank of Texas

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2018 a true and correct copy of the foregoing document was served on all counsel through the Certified Mail Return Receipt Requested and/or Email.

| Counsel | Party Represented | Method of Service |
|---|---|---|
| Ira D. Joffe<br>Law Office of Ira D. Joffe<br>6750 West Loop South #920<br>Bellaire, Texas 77401<br>(713) 661-9898 – Telephone<br>(888) 335-1060<br>Ira.joffe@gmail.com | Guilherme Casalicchio | Certified Mail RRR and Email |
| Crystal Gee Roach<br>BARRETT DAFFIN FRAPPIER TURNER &<br>ENGEL, LLP<br>4004 Belt Line Rd., Ste. 100<br>Addison, Texas 75001<br>(972) 340-7901 – Telephone<br>(972) 341-0783 – Fax<br>crystalR@bdfgroup.com<br>susanll@bdfgroup.com | FHLMC a/k/a<br>Freddie Mac | Email |
| William "Pat" Huttenbach<br>SDTX: 21742<br>Texas Bar No. 24002330<br>Hirsch & Westheimer, P.C.<br>1415 Louisiana, 36th Floor<br>Houston, TX 77002<br>(713) 220-9184<br>(713) 223-9319 (fax)<br>phuttenbach@hirschwest.com | BOKF, NA<br>(state court counsel) | Email |

Piper W. Turner

BOKF - 000155

```
PLO5                                  ONLINE LETTERWRITER              RUN DATE 05/11/1
TIME  16:25:25                    LETTER LOG HISTORY FILE                  DATE 05/14/1

LOAN NUMBER:

        DATE          LETTER  VER  REQ  DESCRIPTION
|   10/25/16  NH  FB999  001  CNV  INSP TP B RESULTS RC    10/25/16
|   10/20/16  NH  FB999  001  CNV  MI NOD REPORT: MONTH    10/20/16
|   10/17/16  NH  LT800  001  CNV  PROPERTY INSPECTION     10/17/16
|   10/17/16  NH  FB999  001  CNV  INSP TYPE B ORDERED;    10/17/16
|   10/10/16  NH  FB999  001  CNV  DELINQUENT:      60  DA 10/10/16
|   10/07/16  NH  CL001  001  CNV  WDOCSilence is the W    10/07/16
|   09/23/16  NH  FB999  001  CNV  INSP TP B RESULTS RC    09/23/16
|   09/16/16  NH  LT800  001  CNV  PROPERTY INSPECTION     09/16/16
|   09/16/16  NH  FB999  001  CNV  INSP TYPE B ORDERED;    09/16/16
|   09/12/16  NH  FB999  001  CNV  DELINQUENT:      30  DA 09/12/16
|   09/05/16  NH  LT802  001  CNV  BREACH GUILHERME CAS    09/05/16
|   08/23/16  NH  FQ999  001  CNV  Late Charge Letter-P    08/23/16
|   07/18/16  NH  FQ999  001  CNV  Late Charge Letter-P    07/18/16
|   07/11/16  NH  FB999  001  CNV  PREVIOUSLY REPORTED     07/11/16
|   06/20/16  NH  FB999  001  CNV  MI NOD REPORT: LOAN     06/20/16
|   06/13/16  NH  FC011  001  CNV  WDOCNotice of Defaul    06/13/16
|   1 SC F 2 SC B 3 SEL        5     PRNT 6 YEND 7 DATA
PF:                   12 FAX
```

 **BANK OF OKLAHOMA**

 **stewart** | LENDER SERVICES

# BOKF Collection Fiserv Codes and Matrix

## Action Codes

| Codes | Description | When To Use |
|---|---|---|
| CH | CALLED HOME | Use when an outbound call is made to borrower's home phone number. |
| CP | CALLED CELL PHONE | Use when an outbound call is made to borrower's cell phone number. |
| CW | CALLED WORK | Use when an outbound call is made to borrower's work phone number. |
| IC | INBOUND CALL | Use when any inbound phone call is received. |
| MG | MANAGER/SUPERVISOR | Used by manager or supervisor for inbound or outbound calls. |
| TX | GENERAL TEXT NOTES | *Use needs manager or supervisor approval.* |

## Result Codes

| Codes | Description | When To Use |
|---|---|---|
| AP | ORCC, SPEEDPAY, ACH PMT | Use anytime the call results in ORCC payment being setup. |
| AR | ACCOUNT REVIEW | Use anytime the call ends in such a way that cannot be classified as resolution, payment or otherwise defined by another result code. |
| BS | LINE BUSY | Use when a number is called and there is a busy signal. |
| CC | CUSTOMER COMPLAINT | Use when customer makes a complaint either against agent calling and/or HRS or BOK. |
| CM | COMMITMENT | Use when a borrower makes a commitment to any other process besides Repayment of debt or receiving a Financial Package |
| CU | COMPLAINT UNRESOLVED | Use when a borrower's complaint issue is NOT resolved during the phone conversation |
| DL | DECLINED LOSS MITIGATION | Use when a borrower refuses the Financial Package |
| LM | LEFT MESSAGE | Use when leaving a message |
| LT | SENT LETTER | Used when manager or supervisor sends a letter to borrower. |
| MC | MANAGER SUPER COMMENTS | To be used for manager or supervisor comments only. |
| NA | NO ANSWER | Use when there is no answer. |
| PP | PROMISE TO PAY | Use anytime a Promise to Pay is setup on the account. |
| RC | REFUSED COMMITMENT | Use when a borrower refuses any options to bring the loan back to current state or attempts to save the home from foreclosure. |
| RP | REPAY PLAN | Use anytime a Repayment Plan is initiated on the account. |
| SL | SENT LOSS MIT PACKAGE | Use when a financial package has been sent. |
| TR | TRANSFERRED CALL | Use when transferring a call to another agent or another department. |
| TX | GENRAL TEXT NOTES | *Use needs manager or supervisor approval.* |

| Cost Center = 2361 | BOK Financial; P.O. Box 2300; TULSA, OK 74102 | | | | | | | | 9/12/2016 |
|---|---|---|---|---|---|---|---|---|---|
| Cert. Number | NAME===ADDRESS | PSTG. | FEE | HDLG. CHRG. | INS. VALUE | DUE COD | R.R. FEE | | TOTAL FEES |
| 7016 0600 0000 4424 3320 | Guilherme Casalicchio 13419 Preston Cliff Court Houston, TX 77077 | | | | | | | | |
| | | | | | | | | | |
| Total: 15 | Total: 15 | | | | | | | | 0.00 |

BOKF - 000157

You can only edit timesheets for days that occur after the 'Lock Down Date' of the pay group

TimeSheet    Last    05/01/2016 - 05/02/2016

### Employee: Forbes, Carl

| | Scheduled | Worked | Auth By | Shift | Codes | Time Code Summary | Hour Type Summary |
|---|---|---|---|---|---|---|---|
| 05/01/2016 Mon | 08:00 | 08:00 | | | | | |
| 05/02/2016 Tue | 08:00 | | | CC0033851 | 0830-1700_60 | HOL 8.00 | REG 8.00 |
| 05/03/2016 Wed | 08:00 | 08:00 | CC0033851 | 0830-1700_60 | | VAC 8.00 | REG 8.00 |
| 05/04/2016 Thu | 08:00 | 07:59 | CC0033851 | 0830-1700_60 | | EARLY 3:01 ... 1:01, WRK 7:59 | REG 8.01 |
| | | | CC0033851 | 0830-1700_60 | | 08:29 / 12:30 | 12:31 / 17:01 | LL 0:01, WRK 7:57 | REG 7:59 |
| | | | | | | 08:33 / 12:18 | 12:48 / 17:01 | | |

Current    Page 1 of 3    Show Edits

Code Summary



BOKF - 000158