# BANK OF NEW YORK MELLON,
## v.
# HELEN E. CHAMBERLAIN.

No. M2019-00876-COA-R3-CV.

**Court of Appeals of Tennessee, at Nashville.**

January 7, 2020 Session.
February 5, 2020.

Appeal from the Circuit Court for Davidson County, No. 18C326, Hamilton V. Gayden, Jr., Judge.

Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded.

Carol A. Molloy, Fitchburg, Massachusetts, and Jonathan Lynn Miley, Nashville, Tennessee, for the appellant, Helen E. Chamberlain.

Bret J. Chaness and Patty Whitehead, Peachtree Corners, Georgia, for the appellee, The Bank of New York Mellon.

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M. S., and ANDY D. BENNETT, J., joined.

# OPINION

J. STEVEN STAFFORD, P.J.

Appellant homeowner appeals the trial court's grant of summary judgment to the purchaser bank in an unlawful detainer action. Because the homeowner presented specific evidence to show a genuine dispute of material fact as to the whether certain mandatory provisions of the deed of trust were complied with prior to foreclosure, we reverse the judgment of the trial court.

# I. BACKGROUND

In 2007, Plaintiff/Appellant Helen Chamberlain ("Appellant") deeded an interest in real property located in Nashville, Tennessee ("the Property") to Delores Rose Dauenhauer.[1] On March 30, 2007, Ms. Dauenhauer took out a loan with America's Wholesale Lender in the principal amount of $555,000.00, evidenced by a promissory note ("the Note"). To secure the loan, Ms. Dauenhauer, Appellant, and Frank C. Dauenhauer executed a Deed of Trust secured by the Property. The Deed of Trust was duly recorded in the Register's Office of Davidson County. Relevant to this appeal, the Deed of Trust contained the following provisions:

> 15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stared herein unless Lender has designated another address by notice to Borrower. Any notice

in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender.

* * *

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 111 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default mast be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further Inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale if the default is not cured on or before the date specified in the notice. Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

Both Ms. Dauenhauer and Appellant were designated as "Borrower" in the Deed of Trust.[2] Attached to the Deed of Trust was a Second Home Rider that indicated that the Property would be used by Ms. Dauenhauer as a second home.

Prior to May 2011, Ms. Dauenhauer defaulted on the Note. In August 2012, Ms. Dauenhauer executed a quit claim deed conveying a one-half interest in the Property back to Appellant. Ms. Dauenhauer executed a second quitclaim deed in favor of Appellant conveying "all of [Ms. Dauenhauer's] right title and interest" in the Property in September 2015. Ms. Dauenhauer passed away in December 2015. The Property was thereafter sold at a foreclosure sale in September 14, 2017 to Plaintiff/Appellee Bank of New York Mellon, fka the Bank of New York as Trustee ("the Bank"). A Substitute Trustee's Deed memorializing the sale was recorded in the Register's Office for Davidson County on September 20, 2017. Pursuant to the Deed of Trust, following a foreclosure sale, Borrower or any persons holding possession through Borrower were to immediately surrender possession of the Property.

Because Appellant was still in possession of the Property, the Bank filed a forcible detainer action for possession of the property in the Davidson County General Sessions Court ("general sessions court") on November 13, 2017. Appellant filed an answer to the warrant on November 29, 2017, denying that the Bank was entitled to possession of the Property. After this filing, the case was removed to Davidson County Circuit Court ("the trial court"). Appellant, having retained counsel, thereafter filed an amended answer raising two defenses to the Bank's action: (1) that the foreclosure violated the mortgage servicing rules under the Real Estate Settlement Procedures Act ("RESPA"); and (2) that the foreclosure violated the Notice of Acceleration provision of the Deed of Trust. Appellant also asserted a counterclaim under these theories. Appellant thereafter filed a motion to amend her answer and an amended answer and counterclaim.

On March 16, 2018, the Bank filed a motion to dismiss Appellant's counterclaim and to remand the case to general sessions court. Therein, the Bank asserted that the removal statute had not been followed and that Appellant's counterclaim failed to state a claim upon which relief could be granted. Eventually, the trial court denied the Bank's request to remand the matter back to general sessions court by order of September 11, 2018. By the same order, the trial court ruled that Appellant's counterclaim under RESPA was withdrawn. The Bank thereafter filed an answer to Appellant's counterclaim under a breach of contract theory.

On January 22, 2019, the Bank filed a motion for summary judgment as to its claim for possession and Appellant's counterclaim for breach of the Deed of Trust. In the accompanying memorandum, the Bank argued that it was entitled to possession of the property because it complied with all applicable provisions of the Deed of Trust. In particular, the Bank asserted that the undisputed material facts showed that the loan servicer provided Notice of Acceleration as required under the Deed of Trust on two occasions. First, the Bank submitted a January 8, 2014 "Notice of Default and Intent to Accelerate" sent to Appellant at the Property by Bayview Loan Servicing, LLC, ("Bayview"). The letter indicated on its face that it was sent via First Class Mail and Certified Mail return receipt requested. The Bank also submitted a second

notice mailed to Ms. Dauenhauer at the Property on December 8, 2014. Again, the notice indicates that it was mailed via First Class Mail and Certified Mail return receipt requested. This notice is accompanied by a return receipt signed by Appellant at the Property address.[3]

Both letters were supported by the sworn affidavit of Myron De Sa, the litigation manager of Bayview, who stated that the documents were maintained by Bayview in the regular course of business, that documents were created "at or near the time of occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters," that the notices are true and correct copies of the business records maintained by Bayview, and that Mr. De Sa had personal knowledge of the facts contained in the affidavit. Although the January 8, 2014 notice indicated that it was sent both First Class Mail and Certified Mail, Mr. De Sa's affidavit stated that this notice was sent only by First Class Mail. Nothing in the affidavit provides detail of Bayview's typical practices as to mailing such notices. The Bank filed a statement of undisputed material facts detailing these notices.

Appellant responded in opposition to the Bank's motion and statement of undisputed facts on February 19, 2019. As an initial matter, Appellant attacked the affidavit of Mr. De Sa as insufficient to establish the business records exception to hearsay; as such, Appellant asserted that the documents submitted by Mr. De Sa could not be considered. Appellant also argued that the Bank had not complied with the Notice of Acceleration provision of the Deed of Trust because the Bank failed to show that the notices were mailed and/or delivered in compliance with the Deed of Trust. In particular, Appellant submitted an affidavit that while she signed, "on some unknown date," for the December 8, 2014 notice sent to Ms. Dauenhauer, she did not open the letter but immediately forwarded it to Ms. Dauenhauer in Seattle, Washington. Appellant further argued that notice to Ms. Dauenhauer was not sufficient to notify Appellant, as Bayview had made clear that Appellant was not a party to the Note. As to the January 8, 2014 notice, Appellant denied ever receiving such a letter. In support of these arguments, Appellant submitted an October 14, 2015 letter denying Appellant's request to release information concerning the loan to her, as Bayview stated that Appellant had "no relation to any loan or property Bayview . . . is presently servicing."

Appellant additionally argued that both 2014 notices to the Property address were invalid, as the designated address for notices had been changed pursuant to paragraph 15 of the Deed of Trust to Ms. Dauenhauer's address in Seattle, Washington. In support of this argument, Appellant submitted both the Second Home Rider indicating that Ms. Dauenhauer would not live in the property full-time, as well as a May 23, 2011 notice sent to Ms. Dauenhauer's Seattle address from the prior loan servicer, Recontrust Company, N.A. ("Recontrust"), as trustee of the Bank. According to the affidavit in support of this document from Appellant's counsel, she received this letter from Ms. Dauenhauer in connection with her representation of Ms. Dauenhauer in a federal action concerning the foreclosure sometime in 2012. Appellant also submitted several additional undisputed facts, including the following: (1) acceleration of the loan occurred at the time of the May 23, 2011 Recontrust letter; (2) Appellant "did not revoke the acceleration"; (3) the Bank admits that the January 8, 2014 letter was not mailed Certified Mail return receipt requested, in contrast to the statement on the face of the letter; (4) Appellant did not receive the January 8, 2014 letter; and (5) Appellant did not open the December 8, 2014 letter sent to Ms. Dauenhauer. Finally, Appellant filed a cross-motion for summary judgment seeking dismissal of the Bank's detainer action against her.

The Bank responded to Appellant's response on February 27, 2019. In particular, the Bank asserted that Appellant's cross-motion for summary judgment was untimely, that Mr. De Sa's affidavit was proper, and that the January 8, 2014 notice was delivered upon mailing First Class Mail consistent with the Deed of Trust and as evidenced by Mr. De Sa's affidavit. As for the December 8, 2014 notice, the Bank noted that there was no dispute that Appellant accepted delivery of this document at the Property address. Additionally, the Bank argued that any consideration of the May 23, 2011 Recontrust letter was improper as the letter was hearsay and Appellant's counsel was prohibited from testifying as to contested matters. The Bank did not, however, formally deny any of the additional undisputed material facts submitted by Appellant.

On March 11, 2019, the trial court entered a memorandum opinion on the pending motions for summary judgment. Therein, the trial court ruled that the Bank was in constructive possession of the Property through a proper foreclosure and that Appellant was unlawfully remaining in possession of the Property. To rule that the foreclosure was proper, the trial court concluded that the Notice of Acceleration provision of the Deed of Trust was satisfied by the two 2014 notices sent to the Property and that the foreclosure occurred well after these notices were sent. A written order granting the

Bank's motion for summary judgment and dismissing Appellant's counterclaim with prejudice was entered on April 22, 2019. Appellant timely appealed to this Court.

## II. ISSUES PRESENTED

Appellant raises the following issues, which are taken from her appellate brief:

> 1. Whether the documents attached to [Mr.] De Sa's affidavit should be considered for purposes of summary judgment.

> 2. Whether the affidavit of [Mr.] De Sa is proper and meets the business records exception of the hearsay rule.

> 3. Whether the court erred in finding that [Appellant] received proper notice of acceleration as a pre-requisite to foreclosure.

> 4. Whether the notice sent to [Ms.] Dauenhaur dated December 8, 2014 at the property address was proper notice to [Ms.] Dauenhaur and therefore notice to appellant.

> 5. Whether the court erred in finding that [Ms.] Dauenhaur could be served at the property address.

> 6. Whether [Mr.] De Sa's affidavit is sufficient to prove notice of acceleration was sent to [Appellant].

> 7. Whether the foreclosure sale is void due to the lack of evidence that the [Bank] gave Appellant proper notice of default prior to acceleration as required by paragraph 22 of the deed of trust.

> 8. Whether [the Bank] is in constructive possession of the property.

> 9. Whether [the Bank's] failure to respond to Appellant's additional statements of undisputed facts renders those facts admitted.

## III. STANDARD OF REVIEW

This case was decided on a motion for summary judgment. Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion; and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. Although this case largely involves the Bank's effort to gain summary judgment, the central issue of this appeal is whether the Bank performed a condition precedent to foreclosure under the Deed of Trust. Appellant has the burden to show non-performance of the condition. *See Harlan v. Hardaway,* 796 S.W.2d 953, 957 (Tenn. Ct. App. 1990) ("The non-performance of a condition precedent is an affirmative defense[.]"); *see also Acute Care Holdings, LLC v. Houston Cty.,* No. M2018-01534-COA-R3-CV, 2019 WL 2337434, at *4 (Tenn. Ct. App. June 3, 2019) (citing *Carr v. Borchers,* 815 S.W.2d 528, 532 (Tenn. Ct. App. 1991)) (placing the burden on the defendant to show the affirmative defense of failure of a condition precedent).

The Bank, as the party that does not bear the burden of proof at trial, may therefore obtain summary judgment if it: (1) affirmatively negates an essential element of the nonmoving party's claim; or (2) demonstrates that the nonmoving party's evidence at the summary judgment stage is insufficient to establish an essential element of the nonmoving party's claim. *Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015), *cert. denied,* 136 S. Ct. 2452, 195 L. Ed. 2d 265 (Tenn. 2016).

On appeal, this Court reviews a trial court's grant of summary judgment *de novo* with no presumption of correctness. *Rye,* 477 S.W.3d at 250 (citing *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn. 1997)). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton,* 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd. of Educ.,* 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence,*

975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995). When a moving party has filed a properly supported motion for summary judgment, the nonmoving party must respond by pointing to specific evidence that shows summary judgment is inappropriate. *Rye,* 477 S.W.3d at 264-65.

## IV. DISCUSSION

In the present case, the Bank sought summary judgment in its favor under a theory of unlawful detainer. Under Tennessee Code Annotated section 29-18-104, unlawful detainer occurs when "the defendant enters by contract, either as tenant or as assignee of a tenant, or as personal representative of a tenant, or as subtenant, or by collusion with a tenant, and, in either case, willfully and without force, holds over the possession from the landlord, or the assignee of the remainder or reversion." Although this statute contemplates an action by a tenant,

> [w]hen a deed of trust establishes that, in the event of a foreclosure, a landlord/tenant relationship is created between the foreclosure sale purchaser and the mortgagor in possession of the property, constructive possession is conferred on the foreclosure sale purchaser upon the passing of title; that constructive possession provides the basis for maintaining the unlawful detainer.

*Fed. Nat'l Mortg. Ass'n v. Daniels,* 517 S.W.3d 706, 712 (Tenn. Ct. App. 2015) (citing *CitiFinancial Mortg. Co., Inc. v. Beasley,* No. W2006-00386-COA-R3-CV, 2007 WL 77289, at *7 (Tenn. Ct. App. Jan. 11, 2007)). To prevail in its unlawful detainer action at the summary judgment stage, the Bank was "required to set forth undisputed facts that established: (1) constructive possession of the property and (2) subsequent loss of possession by the defendant's act of unlawful detainer." *BAC Home Loans Servicing v. Goodson,* No. M2014-02566-COA-R3-CV, 2016 WL 3752217, at *4 (Tenn. Ct. App. July 6, 2016) (citing *Foster v. Hill,* 510 S.W.2d 520, 522 (Tenn. Ct. App. 1973)). Here, there is no dispute that Appellant remains in possession of the property. Thus, the only element at issue is whether the Bank is in constructive possession of the property.

For purposes of this appeal, Appellant does not dispute that Ms. Dauenhauer defaulted in her obligations under the Note or that the loan was secured by a Deed of Trust signed by both herself and Ms. Dauenhauer. Appellant also does not dispute that the property was the subject of a foreclosure sale and was purchased by the Bank as evidenced by a properly recorded Substitute Trustee's Deed. Rather, Appellant argues that the foreclosure was faulty because it did not comply with an express condition contained in the Deed of Trust.

This Court has previously held that a defendant may defend against an unlawful detainer action by showing wrongful foreclosure under the deed of trust. See *CitiMortgage, Inc. v. Drake,* 410 S.W.3d 797, 808 (Tenn. Ct. App. 2013) (quoting *Davis v. Williams,* No. E2010-01139-COA-R3-CV, 2011 WL 335069, at *3 (Tenn. Ct. App. Jan. 31, 2011) ("There is absolutely no doubt that wrongful foreclosure can be raised as an affirmative defense to an unlawful detainer action brought by the purchaser of property in foreclosure.")); *CitiFinancial Mortg. Co. v. Beasley,* No. W2006-00386-COA-R3-CV, 2007 WL 77289, at *9 (Tenn. Ct. App. Jan. 11, 2007) (holding that wrongful foreclosure due to a violation of the express terms of a deed of trust is a defense to a detainer action). Moreover, "[a] foreclosure sale held pursuant to the applicable deed of trust requires `strict compliance for the conveyance to be valid.'" *Wells Fargo Bank, N.A. v. Lockett,* No. E2013-02186-COA-R3-CV, 2014 WL 1673745, at *3 (Tenn. Ct. App. Apr. 24, 2014) (quoting *CitiFinancial,* 2007 WL 77289, at *9). When the undisputed facts do not resolve questions as to whether the foreclosure was conducted pursuant to the terms contained in the deed of trust, summary judgment on the Bank's wrongful detainer action is inappropriate. *Id.* The Bank does not dispute that it was required to comply with the requirements of the Deed of Trust in order to ultimately prevail this action. The burden to show the failure of any condition precedent under the Deed of Trust, however, falls to Appellant. See *Acute Care Holdings,* 2019 WL 2337434, at *4.

Thus, this appeal requires that we consider whether the Bank properly complied with the mandatory procedures for obtaining foreclosure contained in the Deed of Trust. Generally, the interpretation of written contracts is a matter of law that we review *de novo* on the record with no presumption of correctness. *Guiliano v. Cleo, Inc.,* 995 S.W.2d 88, 95 (Tenn. 1999). When resolving issues of contract interpretation, this Court "is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contractual language." *Id.* Determining the intent of the parties "is generally treated as a question of law because the words of the contract are definite and undisputed, and in deciding the legal effect of the words, there is no genuine factual issue left for the jury to decide." *Planters Gin Co. v.*

_Fed. Compress & Warehouse, Co., Inc.,_ 78 S.W.3d 885, 889-90 (Tenn. 2002) (citing 5 Joseph M. Perillo, _Corbin on Contracts,_ § 24.30 (rev. ed. 1998); _Doe v. HCA Health Servs. of Tenn., Inc.,_ 46 S.W.3d 191, 196 (Tenn. 2001)).

To resolve this issue, we turn to the relevant language of the Deed of Trust. In particular, paragraph 22 of the Deed of Trust states that "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 111 unless Applicable Law provides otherwise)." Paragraph 22 provides further guidance as to the specific contents of the notice, which must state

> (a) the default; (b) the action required to cure the default (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default mast be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.

"Provisions in a deed of trust directing that notice shall be given in a particular matter are mandatory and must be strictly followed. Where, by the terms of the deed of trust, personal notice of the intended sale is required, such notice must be given in order to render the sale valid." _Cowan v. Child,_ 1993 WL 141552, at *4 (Tenn. Ct. App. May 5, 1993) (citations omitted) (citing 59 C.J.S. Mortgages §§ 566(a) & (b)(1)(a)).[4] Here, Appellant contends that the record contains no notice prior to acceleration that meets the requirements of the Deed of Trust.

Both the trial court and the Bank disagree. In support of its argument that it complied with the Notice of Acceleration provision in the Deed of Trust, the Bank submitted two notices: (1) a January 8, 2014 notice sent to Appellant at the Property address; and (2) a December 8, 2014 notice sent to Ms. Dauenhauer at the Property address. Appellant attacks both notices, raising different arguments as to each notice and also attacking Mr. De Sa's affidavit in support of the documents relied upon by the Bank. Appellant, however, also undertakes a central argument against both notices: that they were not mailed to the address designated under the Deed of Trust. Because we conclude that this issue is dispositive of this appeal, we will address it first. In undertaking this analysis, we assume, _arguendo,_ that Mr. De Sa's affidavit was proper.

The dispute at issue involves the proper address to send notices under the Deed of Trust. As previously discussed, both notices relied upon by the Bank to comply with the Notice of Acceleration provision were sent to the Property address. The Bank contends that this practice fully complied with the Deed of Trust, particularly paragraph 15's notice requirements. In particular, paragraph 15 provides that notices will be sent to the Property address unless the Borrower provides the lender with another address in writing. According to the Bank, Bayview complied with this provision by mailing the notices to the default address, the address of the Property.

In order to rebut the Bank's proof, it was therefore Appellant's duty to set forth specific facts showing a genuine dispute of material fact. _See Rye,_ 477 S.W.3d at 265 (Tenn. 2015). To meet this burden, Appellant submitted a May 23, 2011 notice sent by a previous loan servicer to Ms. Dauenhauer. This notice, sent well before the 2014 notices, was mailed to Ms. Dauenhauer's Seattle address, rather than the Property. According to Appellant, this notice is sufficient to create a dispute of material fact as to whether the Property address or the Seattle address was the "designated notice address" under the Deed of Trust.

The Bank raises various arguments to rebut Appellant's contention, both procedural and substantive. We begin with the Bank's procedural arguments. First, the Bank argues that the May 23, 2011 notice is inadmissible hearsay. Although the Bank properly raised this evidentiary argument in the trial court, the trial court did not specifically rule on the admissibility of this document. Thus, while evidentiary issues are typically reviewed for an abuse of discretion, see _Borne v. Celadon Trucking Servs., Inc.,_ 532 S.W.3d 274, 294 (Tenn. 2017), similar to the situation wherein a trial court fails to make findings of fact, we will determine this issue de novo absent a ruling on this issue by the trial court. _See Gooding v. Gooding,_ 477 S.W.3d 774, 783 (Tenn. Ct. App. 2015); _cf. State v. Gilley,_ 297 S.W.3d 739, 759 (Tenn. Crim. App. 2008) (synthesizing caselaw in the criminal context to determine whether hearsay rulings should be reviewed de novo or for an abuse of discretion).

Neither party's arguments on the hearsay issue are fully fleshed out. The Bank notes that it argued that the May 23, 2011 letter was hearsay in the trial court, but offers little argument to that effect in its brief to this Court. Likewise, Appellant's argument is minimal, asserting only that the letter is the Bank's own statement and therefore not hearsay. In

our view, the letter falls within the common law doctrine of non-hearsay operative facts. It is axiomatic that "[a] statement introduced to prove only that it was made, regardless of the truth or falsity of the statement, does not violate the rule against hearsay." State v. Brown, 836 S.W.2d 530, 551 (Tenn. 1992) (citing Cannon v. Chadwell, 25 Tenn. App. 42, 150 S.W.2d 710, 712 (1941)). As the Tennessee Court of Criminal Appeals has explained:

> One of the more difficult, though infrequently encountered, categories of nonhearsay evidence encompasses operative facts, sometimes referred to as verbal acts. Operative facts are words that operate, by force of law, to cause legal consequences wholly apart from the truth or falsity of the words. Substantive law may make the utterance of words an event that causes a change in legal relationships, irrespective of the truth or falsity of the words or the credibility of the speaker. Such words are not hearsay by definition since they are not being used to prove their truth. Indeed, the truth or falsity of the words is irrelevant; what matters is that the words were uttered.

State v. Eads, No. E2006-02792-CCA-R3-CD, 2008 WL 2152494, at *8 (Tenn. Crim. App. 2008) (quoting Neil P. Cohen et al., Tennessee Law of Evidence § 8.01[6][a] (5th ed. 2005)). According to this Court,

> Some examples of nonhearsay operative facts include words of acceptance in the context of whether a contract was formed and words of donative intent when deciding whether an object was a gift. Id. (citing Cohen, § 8.01[6][b], [c]). In a case involving rights acquired to land by prescription, one party's out-of-court statements giving the other permission to remain on the property were said to have had "legal significance and effectuate[d] legal consequences, in and of themselves," and therefore, the statements were not inadmissible hearsay. Brown v. Daly, 968 S.W.2d 814, 817-18 (Tenn. Ct. App. 1997). In another case involving tortious interference with a business relationship, the Court recognized that the defendant's statement about the plaintiff to his business partner "could be nonhearsay operative facts which are admissible." Collins v. Greene County Bank, 916 S.W.2d 941, 947 (Tenn. Ct. App. 1995). The Court compared the situation to a defamation action, where it is necessary to prove that the defendant wrote or spoke defamatory words. Id. See also Harvey v. Farmers Ins. Exchange, 286 S.W.3d 298, 304 (Tenn. Ct. App. 2008) (explaining that testimony about what an insurance agent said did not implicate the hearsay rule when offered in support of an estoppel defense because it was not offered to prove the truth of the matter asserted: "In other words, the evidence was intended to demonstrate that Agent *said* the policy would cover Mr. Harvey's intended use of the van, not necessarily that the policy *actually did* cover such use."); Bailey v. USF Holland, Inc., 444 F.Supp.2d 831, 847 (M.D. Tenn. 2006) (involving racial discrimination claims and holding that testimony about the racial epithets used was not hearsay but verbal acts offered to show the statements were made).

Bennett v. City of Memphis, No. W2011-00577-COA-R3-CV, 2011 WL 6710447, at *6-7 (Tenn. Ct. App. Dec. 21, 2011).

We conclude that the doctrine applies in this case. Here, the May 23, 2011 letter is not being offered to show the truth of its contents, but simply to show that the letter was sent to Ms. Dauenhauer at her Seattle address. Moreover, when Appellant cited this letter as evidence that acceleration first took place as of May 2011 as part of her statement of undisputed facts, the Bank did not deny this fact. Thus, the Bank did not deny that this letter was sent to Ms. Dauenhauer on the date specified therein or that it changed the legal relationship of the parties. See Cardiac Anesthesia Servs., PLLC v. Jones, 385 S.W.3d 530, 539 (Tenn. Ct. App. 2012) (citing Holland v. City of Memphis, 125 S.W.3d 425, 428-29 (Tenn. Ct. App. 2003) ("It is well-settled that, when a non-moving party fails to respond to the moving party's statement of undisputed facts, the court may consider the facts admitted.")); see also Tenn. R. Civ. P. 56.03 (stating that where the non-moving party asserts additional facts, the moving party is allowed to respond in the same manner as when the non-moving party responds). The purpose of the letter was therefore only to establish that a letter was sent to Ms. Dauenhauer's Seattle address, rather than the Property address. See State v. Hall, No. 109, 1991 WL 32895, at *5 (Tenn. Crim. App. Mar. 13, 1991) (admitting a letter where "the state's purpose was to establish that the defendant made the representation appearing on the rental form and that those records were in direct conflict with the end of the shift reports"). Thus, the letter is offered "for the mere fact that the statement was uttered," as an operative fact that notices were at some point sent to Ms. Dauenhauer's Seattle address. Bennett v. City of Memphis, No. W2011-00577-COA-R3-CV, 2011 WL 6710447, at *6 (Tenn. Ct. App. Dec. 21, 2011). The May 23, 2011 letter is therefore non-hearsay and may be considered at summary judgment.

The Bank next asserts that the letter must be excluded because it was authenticated by Appellant's own counsel in violation of the Tennessee Rule of Professional Conduct 3.7 ("RPC 3.7"). This rule provides as follows:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness, unless precluded from doing so by RPC 1.7 or RPC 1.9.[5]

Tenn. R. Sup. Ct. 8, RPC 3.7.

Other than citing RPC 3.7, the Bank offers no argument as to its application. Respectfully, we are not persuaded that Rule 3.7 mandates exclusion in this case. For one, this case was decided on summary judgment, rather than "at trial[,]" as required by the clear language of RPC 3.7. Moreover, RPC 3.7 is a rule requiring exclusion of a lawyer, rather than exclusion of evidence. *Cf. State v. Spears,* No. E2017-01836-CCA-R9-CD, 2018 WL 3528315, at *5 (Tenn. Crim. App. July 23, 2018) (affirming the exclusion of the defendant's counsel); *Byrd & Assocs., PLC v. Siliski,* No. M2008-00066-COA-R3-CV, 2009 WL 2567865, at *9 (Tenn. Ct. App. Aug. 19, 2009) ("Therefore, on remand, if Ms. Byrd plans to testify in the fraudulent conveyance action as to contested issues not directly pertaining to `the nature and value of legal services rendered,' she should not act as the advocate for Plaintiff in the trial of that action, unless she can establish that disqualification would work substantial hardship on Plaintiff."). The Bank does not point to a place in the record wherein it sought exclusion of Appellant's counsel or offer any argument or caselaw to support exclusion of evidence based on this rule of professional conduct. Moreover, it appears that different counsel represented Appellant at oral argument in this Court, suggesting that Appellant could have obtained substitute counsel if the Bank had sought exclusion of her initial counsel. Finally, as previously discussed, it does not appear that the Bank contests that this letter was in fact sent to Ms. Dauenhauer's Seattle address by Recontrust. In other words, the Bank does not contest the authenticity of the May 23, 2011 letter.[6] Counsel's affidavit related only to the authenticity of the letter, rather than its contents. As such, the Bank has not provided sufficient argument to show that counsel's affidavit actually relates to a contested issue. *But see Spears,* 2018 WL 3528315, at *5 (quoting *People v. Pasillas-Sanchez,* 214 P.3d 520, 526 (Colo. App. 2009) ("If the rule were to be read as allowing an attorney to testify to undisputed facts to support a disputed issue, the exception would swallow the rule[.]")). In light of the Bank's rather deficient argument on this issue, we decline to conclude that this letter was not properly relied upon at the summary judgment stage.

Having determined that the May 23, 2011 letter may be considered for purposes of summary judgment, we must next determine whether this letter creates a dispute of material fact sufficient to make summary judgment inappropriate. To determine this issue, it is helpful to have a refresher on the court's role in evaluating the evidence at the summary judgment stage:

> When reviewing the evidence, we must determine whether factual disputes exist. In evaluating the trial court's decision, we review the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Stovall v. Clarke,* 113 S.W.3d 715, 721 (Tenn. 2003). If we find a disputed fact, we must "determine whether the fact is material to the claim or defense upon which summary judgment is predicated and whether the disputed fact creates a genuine issue for trial." *Mathews Partners,* 2009 WL 3172134, at *3 (citing *Byrd,* 847 S.W.2d at 214). "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd,* 847 S.W.2d at 215. A genuine issue exists if "a reasonable jury could legitimately resolve the fact in favor of one side or the other." *Id.* "Summary [j]udgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion." *Landry v. South Cumberland Amoco, et al.,* No. E2009-01354-COA-R3-CV, 2010 WL 845390, at *3 (Tenn. Ct. App. March 10, 2010) (citing *Carvell v. Bottoms,* 900 S.W.2d 23 (Tenn. 1995)).

*Brooks Cotton Co. v. Williams,* 381 S.W.3d 414, 418-19 (Tenn. Ct. App. 2012). Consequently, "if there is any uncertainty concerning a material fact, then summary judgment is not the appropriate disposition." *Id.* at 419. As the Tennessee Supreme Court has previously explained:

> The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. He [or she] is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

*EVCO Corp. v. Ross,* 528 S.W.2d 20, 24-25 (Tenn. 1975).

Here, Appellant cites the May 23, 2011 letter sent to Ms. Dauenhauer's Seattle address as evidence that the designated notice address under the Deed of Trust was not the Property address.[7] As such, Appellant asserts that, at the very least, there are disputes of material fact as to whether the acceleration notices required by paragraph 22 were properly sent pursuant to paragraph 15 of the Deed of Trust. A review of the trial court's memorandum opinion in this case reveals that this argument was not fully considered by the trial court. Although the trial court initially stated Appellant's argument as to this issue, in its ultimate conclusions the trial court states only that "[p]aragraph 15 . . . provides that the notice address shall be the property address." Respectfully, this conclusion omits the language from paragraph 15 that allows the Borrower to designate another notice address in writing to the Lender.

In its brief, the Bank contends that "the Recontrust Letter alone does not establish that Ms. Dauenhauer designated the Seattle, Washington address as the notice address under the Deed of Trust." Rather, the Bank contends that Appellant is attempting to shift the burden to the Bank to prove her affirmative defense. The Bank misconstrues Appellant's burden in responding to the Bank's motion for summary judgment. In responding to the Bank's summary judgment motion, Appellant does not have the burden to conclusively prove her case.[8] Rather, it is the Bank's job to either negate an essential element of Appellant's case or demonstrate that the Appellant's evidence at the summary judgment stage is insufficient to establish an essential element of her claim. See *Rye,* 477 S.W.3d at 264. Once a properly supported motion for summary judgment is made, Appellant must simply point to specific evidence that, viewed in the light most favorable to it, creates a genuine issue of fact. In other words, Appellant need not present evidence that conclusively establishes her case at the summary judgment stage, but must present specific evidence that could lead a reasonable jury to resolve a material issue in her favor. *Brooks Cotton,* 381 S.W.3d at 418-19 (citing *Mathews Partners,* 2009 WL 3172134, at *3). If more than one conclusion can reasonably be drawn from the evidence presented, or there is uncertainty as to whether a genuine dispute exists, summary judgment is inappropriate. *EVCO,* 528 S.W.2d at 24-25.

We conclude that the May 23, 2011 letter constitutes sufficient evidence to create a genuine dispute as to the proper address where notices of acceleration may be sent under the Deed of Trust. The Bank does not dispute that the Deed of Trust undisputedly requires Notice of Acceleration to at least one Borrower. The Deed of Trust also contains specific procedures for accomplishing any notices thereunder. Specifically, paragraph 15 states that notices will be mailed to the Property address unless another address is properly designated. Were this the conclusion of paragraph 15's guidance, we would be reluctant to conclude that a single notice sent to an address other than the Property creates a genuine dispute as to the proper address to which notices may be sent. However, paragraph 15 goes further to state that only "one designated notice address" may be designated "at any one time." Because the Deed of Trust plainly states that only a single notice address may be designated at any one time and a notice was sent to Ms. Dauenhauer's Seattle address, it would not be unreasonable for the factfinder to infer that the Seattle address was the designated notice address in May 2011. Furthermore, no evidence was presented to show that Ms. Dauenhauer or any other Borrower took any action to change the designated notice address after May 2011. Thus, the record contains evidence both in favor of, and militating against, a finding that the Property was the "designated notice address" under the Deed of Trust at the time the 2014 notices were sent. Because the parties have presented evidence from which the fact-finder can draw conflicting inferences as to the proper notice address under the Deed of Trust, summary judgment in favor of either party was inappropriate. See *Brooks Cotton,* 381 S.W.3d at 428 (holding that summary judgment was inappropriate where the trial court "would be forced to weigh the evidence in favor, and against, a conclusion").

In sum, the Bank was required to strictly comply with the conditions to foreclosure contained in the Deed of Trust to

prevail in this detainer action. See <u>Wells Fargo Bank,</u> 2014 WL 1673745, at *3. After the Bank provided evidence to support its claim that it complied with the Notice of Acceleration provisions of the Deed of Trust, the burden of production shifted to Appellant to present specific evidence establishing a genuine dispute of fact on this issue. *Auto Glass Co. of Memphis Inc. v. Gerregano,* No. W2018-01472-COA-R3-CV, 2019 WL 1343987, at *3 (Tenn. Ct. App. Mar. 25, 2019) (quoting *Finch v. O.B. Hofstetter/Anderson Trust,* No. M2016-00562-COA-R3-CV, 2017 WL 2179951, at *3 (Tenn. Ct. App. May 16, 2017)) ("If the moving party makes a properly supported motion for summary judgment, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact."). Appellant submitted a non-hearsay letter from the former loan servicer, suggesting that the designated notice address under the Deed of Trust was Ms. Dauenhauer's Seattle address, rather than the address where the two 2014 notices were sent. Thus, even assuming, *arguendo,* that the Bank properly mailed the notices and the notices were delivered as required under the Deed of Trust, there is a dispute as to whether the 2014 notices were sent to the address designated under the Deed of Trust. Because this issue is material to the question of whether the Bank strictly complied with the requirements of the Deed of Trust, summary judgment was inappropriate. The trial court's ruling granting the Bank's motion for summary judgment, awarding possession to Bank, and dismissing Appellant's counterclaim for breach of contract is therefore reversed. All other issues raised in this appeal are pretermitted.[9]

## V. CONCLUSION

The judgment of the Davidson County Circuit Court is reversed and this cause is remanded for further proceedings. Costs of this appeal are taxed to Appellee Bank of New York Mellon, fka the Bank of New York as Trustee, for which execution may issue if necessary.

[1] The record contains two quitclaim deeds from Appellant to Ms. Dauenhauer. A February 2007 quitclaim deed conveys a half-interest in the property from Appellant to Ms. Dauenhauer. An April 2007 deed conveyed "all [Appellant's] rights title and interest" in the Property to Ms. Dauenhauer.

[2] Mr. Dauenhauer was also a borrower but is not at issue in this appeal.

[3] The Bank asserts that this receipt was "stamp-dated" on December 19, 2014. The copy of this document in the record does not contain an intelligible "stamp-date." In response to the Bank's statement of undisputed facts concerning the date of Appellant's acceptance of delivery, however, she did not dispute that delivery of the notice occurred on or about this date.

[4] The *Cowan* opinion has no Court of Appeals docket number.

[5] RPC 1.7 deals with conflicts of interest concerning current clients. *See generally* Tenn. R. Sup. Ct., RPC 1.7. RCP 1.9 concerns duties for former clients. *See generally* Tenn. R. Sup. Ct., RPC 1.9.

[6] Indeed, at oral argument, the Bank relied on this letter to show that the loan has been in default since 2011.

[7] Appellant also cites the Second Home Rider as evidence to support this contention. Because of our conclusion regarding the May 23, 2011 letter, we need not consider the effect, if any, of the Second Home Rider. We note, however, that the Second Home Rider does not contain any address for sending notices other than the Property address.

[8] Of course, Appellant filed a cross-motion for summary judgment on the Bank's detainer action. Appellant therefore has a similar burden to show undisputed material facts negating some aspect of the Bank's case or demonstrating that the Bank lacks evidence to prove its case. *See generally* <u>Rye,</u> 477 S.W.3d at 264. As discussed in more detail, *infra,* because genuine disputes of material fact exist, summary judgment cannot be awarded to either party.

[9] As a final matter, the Bank questions why Appellant relies on the May 23, 2011 notice as evidence of a change in address but not as sufficient to constitute a Notice of Acceleration pursuant to paragraph 22 of the Deed of Trust. Importantly, however, it was the Bank, not Appellant, that declined to rely on this letter as evidence of compliance with paragraph 22. As previously discussed, Appellant raised the violation of the Notice of Acceleration provision of the Deed of Trust as a defense to the Bank's detainer action. In support of the Bank's motion for summary judgment, the Bank was required to either negate an essential element of Appellant's defense or show that Appellant could not prove the defense. <u>Rye,</u> 477 S.W.3d at 264. To this end, the Bank submitted that the Notice of Acceleration provision was in fact met through the January 8 and December 8, 2014 notice letters. Never did the Bank argue that the May 23, 2011 letter was a proper Notice of Acceleration pursuant to the Deed of Trust. It appears from oral argument that the Bank may not have been in possession of the May 23, 2011 letter until after its motion for summary judgment was filed. Nevertheless, the Bank never amended its motion to specifically argue that the May 23, 2011 letter constituted sufficient notice under the Deed of Trust. If the Bank wishes to make this argument or to submit any other notices as evidence of compliance with the Deed of Trust Notice of Acceleration

provision, it may do so on remand.

Save trees - read court opinions online on Google Scholar.